Tag for CM/ECF



**ORDERED in the Southern District of Florida on December 01, 2006.**

                                   Robert A. Mark, Judge
                                   United States Bankruptcy Court

___

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                     MIAMI DIVISION

_____
                             )
                             )
In re:                       )   CASE NO.  06-15519-BKC-RAM
                             )   CHAPTER   7
CHERYL KELLY,                )
                             )
           Debtor.           )
_____)
```

**ORDER FINDING THAT THE EXCEPTION TO
STAY IN §362(b)(22) DOES NOT APPLY TO DEBTOR**

The Court conducted a hearing on November 28, 2006, on Debtor's Motion to Extend Stay Pursuant to 11 U.S.C. §362(b)(22) (the "Motion)[1] (CP# 17). The Court finds as follows:

    A.    The Debtor resides in public housing owned and operated by the Miami-Dade Housing Agency ("MDHA").

    B.    MDHA obtained a Final Judgment of Eviction in state

---

[1]    Although titled a Motion to Extend Stay Pursuant to §362(b)(22), the Court is treating the Motion as a request for an Order finding that the stay relief exception in §362(b)(22) is not applicable in this case.

court on October 12, 2006.

 C. The Debtor filed a Chapter 7 petition on October 30, 2006. The Debtor properly checked the box on the Petition indicating that MDHA obtained a prepetition eviction judgment against the Debtor.

 D. The Debtor also checked the two boxes on the Petition which relate to the requirements in 11 U.S.C. §362(l), namely the boxes next to the following statements:

> "Debtor claims that under non-bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and
>
> "Debtor has included in this petition the deposit with the Court of any rent that would become due during the 30-day period after the filing of the petition."

 E. The Debtor also stated in the Petition that "Debtor is discharging debt of rent owed to a public housing authority and will retain possession of her unit pursuant to 11 U.S.C. §525(a)."

 F. Consistent with her statement in the Petition, the Debtor deposited one month's rent with the Clerk of this Court.

 G. MDHA did not file a response to the Motion to Extend Stay nor did it appear at the November 28th hearing.

## Discussion

Since 11 U.S.C. §362(b)(22) and §362(l) are new provisions in the Bankruptcy Code added as part of The Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Since the Motion before the Court requires interpretation of these new stay relief provisions as applied to a debtor whose tenancy rights are protected under §525(a) of the Bankruptcy Code, a brief discussion is appropriate even though the Debtor's Motion was unopposed.

New §362(b)(22) provides an exception to the automatic stay allowing a landlord to complete eviction proceedings on residential property leased to a debtor if the landlord obtained a judgment of eviction prior to the filing of the bankruptcy petition.

The 362(b)(22) exception, however, will not apply if the debtor can comply with the requirements in §362(l). Those requirements include the statements referred to earlier in the Debtor's petition in this case, summarized as (1) applicable non-bankruptcy law allows for post-judgment cure; and (2) the debtor has deposited one month's rent. See §362(l)(1)(A) and (B). Section 362(l)(2) then requires a further certification that the debtor has cured the entire prepetition monetary default within 30 days of the filing date of the petition. If these conditions are met, the stay exception under §362(b)(22) will <u>not</u> apply, unless the landlord affirmatively objects to the debtor's certification under §362(l)(1) or (l)(2) and the court sustains the objection. See §362(l)(3).

The Debtor in this case is not arguing that she has the

3

right to cure her prepetition monetary default under Florida law <u>after</u> the eviction judgment was entered. Whether such a right may exist is not addressed in this Order since the Debtor did not fulfill the requirement in §362(l)(2) of curing the prepetition default within 30 days of the petition date. Thus, it appears at first blush that the Debtor has <u>not</u> met the requirements in §362(l) and the §362(b)(22) exception should apply.

On further analysis, however, the Debtor prevails since, as a public housing tenant, she is entitled to remain in her apartment under §525(a) even if she discharges, rather than cures her prepetition rent default. <u>See</u> <u>In re Stolz</u>, 315 F.3d 80 (2d Cir. 2002); <u>In re Curry</u>, 148 B.R. 966 (S.D.Fla. 1992); <u>In re Batista</u>, 2005 Bankr. Lexis 1732 (Bankr. S.D.Fla. 2005).

This Court has not found any published decisions discussing the interplay of §§362(b)(22), 362(l) and 525(a). Nevertheless, the Court concludes that §525(a) eliminates the need for a public housing debtor to cure a prepetition default as a condition to rendering the stay exception in §362(b)(22) inapplicable. This result is consistent with the pre-BAPCPA cases analyzing the cure obligations in §365(b)(1) in light of §525(a). Those cases hold that §525(a) trumps §365(b)(1). That is, a public housing debtor's right to retain possession under §525(a) after discharging the prepetition debt controls over the cure obligations in §365(b)(1). <u>Stolz</u>, 315 F.3d at 93; <u>Curry</u>, 148 B.R. at 972.

4

If a public housing debtor does not have to cure prepetition defaults under §365, that same debtor should not be required to cure the defaults under §362(l) in order to stop an eviction. Section 525(a) allows a Chapter 7 debtor to stay in his or her public housing unit even though prepetition rent arrearages are being discharged. This Court holds that the addition of §362(b)(22) in BAPCPA does not change that result.

Therefore, it is -

**ORDERED** as follows:

1. The Motion is granted.

2. Section 362(b)(22) shall not apply in this case provided that the Debtor continues to pay her postpetition monthly rent either into the Court's registry or, by agreement with MDHA, directly to MDHA.

###

COPIES TO:

Maura McCarthy Bulman, Esq.
3000 Biscayne Blvd., Suite 500
Miami, Florida 33137
(Counsel for Debtor)

Noel F. Johnson, Esq.
CLYNE AND ASSOCIATES, P.A.
2600 Douglas Road, Suite 1100
Coral Gables, Florida 33134
(Counsel for MDHA)

Drew M. Dillworth, Chapter 7 Trustee
2200 Museum Tower
150 West Flagler Street
Miami, Florida 33130